UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-21524-CIV-GAYLES/OTAZO-REYES
(Case No. 15-20032-CR-GAYLES)

STANLEY PRESENDIEU,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**REPORT AND RECOMMENDATION RE: COA**

THIS CAUSE came before the Court upon Movant Stanley Presendieu's ("Movant") Request for Certificate of Appealability ("COA") [D.E. 26]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 5]. Upon review of Movant's submission and the pertinent portions of the record, the undersigned RESPECTFULLY RECOMMENDS that the Request for COA be GRANTED as set forth below.

**DISCUSSION**

A prisoner seeking to appeal a district court's final order denying his § 2255 motion has no absolute entitlement to appeal, and to do so, must obtain a COA. See 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009) (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Wilkinson v. Dotson, 544 U.S. 74, 78-83 (2005)). This Court should issue a certificate of appealability only if Movant makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Where a district court has rejected a movant's constitutional claims

on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  See Slack, 529 U.S. at 484.

Movant acknowledges that "[t]he Court's decision in this case offers a comprehensive evaluation and resolution of the merits of the issues raised."  See Request for COA [D.E. 26 at 3]. Movant argues that he is entitled to a COA "on the following question: whether the movant established a basis for 28 U.S.C. § 2255 relief on his claims that sentencing counsel provided ineffective assistance and that a waiver provision in his plea agreement violated his due process right to the presentation of materially accurate information at sentencing." Id. at 9.  According to Movant, the waiver provision argument "presents a novel issue the resolution of which may vary among jurists of reason" and the evidentiary record "supporting movant's position, is sufficient to proceed to appellate review."  Id. at 3-4.  Thus, Movant concludes that, "[u]nder the applicable standard, reasonable jurists could disagree as to whether the Court should have granted relief on the § 2255 claims."  Id. at 5.

Having considered Movant's arguments and being fully cognizant of the underlying record, the undersigned finds that Movant has met the standard for issuance of a COA as requested.

## RECOMMENDATION

Based on the foregoing considerations, it is RESPECTFULLY RECOMMENDED that Movant's Request for COA [D.E. 26] be GRANTED on the following question: whether the movant established a basis for 28 U.S.C. § 2255 relief on his claims that sentencing counsel provided ineffective assistance and that a waiver provision in his plea agreement violated his due process right to the presentation of materially accurate information at sentencing.

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Darrin P.

Gayles, United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 16th day of September 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Darrin P. Gayles
Counsel of Record